FINCHUM STEEL ERECTION CORPORATION

*v.*

LOCAL UNION 384, INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL AND ORNAMENTAL IRONWORKERS, JESSE
E. YORK AND W. C. RADER.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

MARNE S. MATHERNE and TAYLOR & BADGETT, Knoxville, for appellant.

FRANK J. McVEIGH, E. H. RAYSON, R. R. KRAMER and KRAMER, DYE, McNABB & GREENWOOD, of Counsel, Knoxville, for appellees.

Mr. Chief Justice Neil delivered the opinion of the Court.

This appeal from the Circuit Court in Knox County involves the legality of a contract of employment, and whether or not it is in violation of what is commonly known as the "Right-to-Work" statute of Tennessee.

We will refer to the parties as they appeared in the trial court. The Finchum Erection Corporation sued Local Union 384, International Association of Bridge, Structural and Ornamental Ironworkers, also one Jesse E. York as Business Representative of the Union, and others who were officers of Local Union 384. The suit was a common law action for damages based upon the charge that the defendants wilfully, intentionally and maliciously induced the breach of a contract which the plaintiff had with a third party.

The declaration is voluminous in its detailed recitation of the nature of its contract with Rohm & Haas, and the circumstances which gave rise to the alleged breach, or abandonment of the said contract by Rohm & Haas.

The declaration charges that in June, 1956, the plaintiff entered into an agreement with Rohm & Haas Company to furnish union labor, equipment, and tools to fabricate and erect structural steel in the West Tank Farm of the said Rohm & Haas pursuant to drawings and specifications, which Rohm & Haas had furnished the plaintiff; that Rohm & Haas agreed to pay the plaintiff the prevailing costs for union labor (iron workers) and to pay an additional 20 per cent for insurance, taxes and profits and for certain rates for equipment rental. The aforesaid contract, which was filed as an exhibit to the

declaration, is alleged to be a lawful and binding contract.

The defendant Local Union 384 was a subordinate branch of International Association of Bridge, Structural and Ornamental Ironworkers, and the plaintiff asked for and obtained from the business agent of the said Local Union a number of union ironworkers necessary to complete its contract with Rohm & Haas.

The facts and circumstances attending the breach of plaintiff's contract with Rohm & Haas may be briefly stated as follows:

The plaintiff commenced work on the contract on June 28, 1956; said contract was profitable at the rate of $1,000 per week; during the morning working hours of August 9, 1956, there occurred on the Rohm & Haas job an altercation between one of the union employees and a managerial employee of the plaintiff; that immediately thereafter all but three of the union employees left the job. It appears that the three who remained on the job were later fined by the union for their action.

The plaintiff requested the defendant Local 384 and its business agent to furnish it with other union labor needed to continue the job to completion, but, it is charged, "they wilfully and maliciously refused said request." It is further charged that after failing to obtain union ironworkers from Local 384 the plaintiff located ten certified *non-union* welders who were willing to join the union and work on the Rohm & Haas contract, but that the defendant local refused to issue work-permits to the said non-union welders, or to admit them to union membership.

The declaration concludes by charging that as a result of the defendant's wilful, malicious and unlawful action, and in violation of the constitution of the union, in refusing to furnish the plaintiff with union ironworkers, the said Rohm & Haas was compelled to abandon its contract with the plaintiff and employ another contractor to complete the job. The plaintiff charged a loss of $6,000 and sued the defendants to recover triple damages in the sum of $18,000.

The defendant demurred to the declaration on six separate grounds. These were condensed by the plaintiff, appellant here, into three general grounds, as follows:

"1. The declaration fails to state a cause of action because the contract between the plaintiff and Rohm & Haas Company which required the exclusive use of union employees was void and unenforceable under the laws and public policy of the State of Tennessee as expressed in the Right-to-Work Act (T.C.A. sec. 50-208).

"2. The declaration fails to state a cause of action because the contract between the plaintiff and Rohm & Haas Company which required the exclusive use of union employees was contrary to the laws of the United States of America as expressed in the National Labor Relations Act (29 U.S.C.A. Section 141 et seq.)

"3. The declaration fails to state a cause of action because the defendant union was under no obligation to furnish union members to the plaintiff, to continue union members in the plaintiff's employ or to offer membership to prospective employees of the plaintiff.''

Each of the aforesaid three ground were sustained by the trial judge and the plaintiff has appealed to this Court.

The action of the trial judge in sustaining the grounds of the demurrer are made the basis of the plaintiff's assignments of error.

The plaintiff's right of action rests solely and alone upon its insistence that its contract with Rohm & Haas was a lawful contract, and not in violation of sec. 50-208 et seq., T.C.A. The demurrants say that the contract in question required the exclusive use of union labor and the same "was void and unenforceable" under the laws and public policy as expressed in the statute. If the defendants are correct in this contention, we need not consider the second and third assignments of error.

This suit is an action sounding in tort. The wrong complained of is the alleged unlawful and intentional interference with the plaintiff's contract with Rohm & Haas. It is expressly declared by statute (47-1706, T.C.A.): "It shall be unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induct or procure the breach or violation, refusal or failure to perform *any lawful contract* by any party thereto". (Emphasis ours.)

Both the common law and the statute contemplate the wrongful interference with *a lawful contract*. If the contract is unlawful in the sense that it is void and unenforceable the plaintiff's suit must fail. Now does the contract between the plaintiff and Rohm & Haas violate the provisions of the "Right-to-Work" statute of this State? It reads as follows:

50-208. "It shall be unlawful for any person, firm, corporation or association of any kind to deny or attempt to deny employment to any person by reason of such person's membership in, affiliation with, resignation from, or refusal to join or affiliate with any labor union or employee organization of any kind."

50-209. "It shall be unlawful for any person, firm, corporation or association of any kind to enter into any contract, combination or agreement, written or oral, providing for exclusion from employment of any person because of membership in, affiliation with, resignation from, or refusal to join or affiliate with any labor union or employee organization of any kind."

50-210. "It shall be unlawful for any person, firm, corporation or association of any kind to exclude from employment any person by reason of such person's payment of or failure to pay dues, fees, assessments, or other charges to any labor union or employee organization of any kind."

There is a penalty imposed by 50-212, the same being a fine of not less than $100 or over $500 and a workhouse sentence within and discretion of the court, for any violation of the foregoing sections, to wit, 50-208, 209 and 210.

The counsel for the plaintiff earnestly insist that the declaration does not charge the exclusion from employment by the parties of the "right-to-work" because of membership or non-membership in a labor union, and that *"The Tennessee Open Shop Law applies only to contracts between, or conduct or action by, employers and their employees, or their representatives."* It is

further argued by counsel that it is not unlawful to contract for the employment of union labor, or non-union labor.

▪ We think the language of 50-209, T.C.A., proscribes the exclusive employment of either union or non-union labor. If any contract, either expressly, or by clear inference, undertakes to exclude the employment of either union or non-union workers it violates the public policy of this State. The courts cannot take notice of such contracts and thus permit them to be made the basis for the assertion of lawful rights and obligations. *Mascari v. International Brotherhood of Teamsters, etc.*, 187 Tenn. 345, 215 S.W.2d 779.

▪▪ It is true the Mascari case involves a master and servant relationship. But the statute is not confined to any contractual relationship between parties. It proclaims a settled policy that must be adhered to in the drafting of all future contracts involving the rights of employees and employers. Moreover by any reasonable interpretation of the statute all workers should have the equal protection of the law. *State v. Whitaker*, 228 N.C. 352, 45 S.E.2d 860, 871.

The holding in the Mascari case (opinion by Mr. Justice Prewitt) finds ample support in the authorities cited.

▪ In *Lincoln Federal Labor Union et al. v. Northwestern Iron & Metal Co.*, 335 U.S. 525, 69 S.Ct. 251, 255, 93 L.Ed. 212, it is said:

"If the states have constitutional power to ban such discrimination by law, they also have power to ban

contracts which if performed would bring about the prohibited discrimination.''

■ There is no escape from the conclusion that the plaintiff, Finchum Corporation, obligated itself not to deal with non-union workers. The declaration discloses this fact beyond peradventure. The Finchum Corporation sought to secure the services of non-union workers only on condition that Local Union 384 issue them a permit. Thus it appears that, *in obedience to the contract,* Finchum would not employ any worker unless he was accredited by the defendant Local as a qualified union man.

The counsel for the defendants rely upon the Taft-Hartley Act as additional authority in support of its contention that the contract is in contravention of said act. But it is not important whether it does or does not control the case at bar.

We are satisfied that the contract in question is void and unenforceable under the provisions of the ''Right-to-Work'' statute. Hence there is no necessity for considering other assignments of error. The judgment of the trial court is affirmed.