26737. HARRISON et al. v. SARAH COVENTRY, INC.

ARGUED SEPTEMBER 14, 1971—DECIDED OCTOBER 7, 1971.

*Van Gerpen & Bovis, E. J. Van Gerpen, Pollock, Sorrells & Hearn, George E. Hearn, III,* for appellants.

*Westmoreland, Hall & Bryan, P. Joseph McGee, Kirby L. Turnage, Jr.,* for appellee.

ALMAND, Chief Justice. This appeal is from an order granting an interlocutory injunction. Error is enumerated on this order and also on the denial by the court of the appellants' oral motion to dismiss the complaint.

■ Sarah Coventry, Inc. filed a two-count complaint against Clifton Harrison and Florence Harrison. Count 1 sought to enjoin the defendants temporarily and permanently from divulging trade secrets of the plaintiff and from disclosing the names of branch managers of the plaintiff to competitors of the plaintiff; to enjoin the defendants from inducing branch managers of the plaintiff to leave the employment of the plaintiff to become employed by a competitor of the plaintiff; and to recover damages. These prayers were based upon the allegations in the complaint that the defendants had been employed by the plaintiff as region managers in connection with the plaintiff's operation in the sale of fine fashion jewelry, and that as such, the defendants had become aware of the internal operations of the plaintiff. The complaint alleged that upon their employment by the plaintiff as region managers of a described territory, both defendants signed an agreement which provided in Paragraph 6: "The region manager agrees that while this agreement is in effect and for a period of two years following the termination of his/her employment with Sarah Coventry, Inc., that he/she will not use or disclose to any

person or company, any information obtained while a Sarah Coventry, Inc. employee concerning the names and addresses of Sarah Coventry, Inc. salespeople or employees or any other trade secrets, nor will he/she use or give to any other salesperson or company any sales literature or other materials furnished to him by the company nor will he on his/her behalf or on the behalf of any other person or company, solicit or in any manner attempt to induce Sarah Coventry's salespeople or employees to leave the company." The complaint alleged that in their position as region managers, while with the plaintiff, the defendants supervised and controlled the operations of some branch managers throughout the northern part of the State of Georgia; and that the defendants, in violation of their agreement, were divulging trade secrets to one of plaintiff's competitors, were disclosing to its competitor the names of branch managers of plaintiff, and were inducing and attempting to induce branch managers to leave the employment of plaintiff.

Count 2, in its prayers for injunction and damages, in addition to the allegation in Count 1, asserted (a) that the defendants have interfered with the contractual relationship between the plaintiff and its branch managers and unit directors; (b) that they have divulged and are continuing to divulge trade secrets of the plaintiff to its competion; and (c) that the actions of the defendants were wilful, malicious and wanton.

In their answer the first defense of the defendants was that the complaint failed to state a claim against them or either of them upon which relief could be granted.

The complaint sufficiently alleges the violation by the defendants of Paragraph 6 of the employment contract, and in Count 2 alleges an effort to interfere with contractual relationships between the plaintiff and its employees so as to withstand a motion to dismiss. *Bourn v. Herring*, 225 Ga. 67 (166 SE2d 89).

The defendants contend that the employment contract was void as being in restraint of trade, because the con-

tract, though reasonable as to the time following the term of employment, was unreasonable and void because it was not limited as to territory. The defendants rely on the ruling in *Edwin K. Williams & Company-East v. Padgett,* 226 Ga. 613 (176 SE2d 800), and other similar cases holding that negative covenants in employment contracts are unenforceable if not reasonably restricted as to both time and territory.

These authorities have no application to the instant case, as those cases involved contracts wherein the employee agreed that, after the termination of his employment, he would not be employed or engage in a business in competition with his former employer. In the instant case, the defendants were free to enter into the employment of a competitor of the plaintiff after the termination of their employment by the plaintiff. They agreed by their contract not to interfere with the contractual relationships of the plaintiff and its other employees, and not to divulge the names of a certain class of plaintiff's employees to its competitors.

Where one, knowing of an employee's contract of employment with another, entices or persuades the employee to leave the services of the first employer during the time he was so employed, this gives to the injured party a right of action to recover damages. *Jones & Jeter v. Blocker,* 43 Ga. 331. The malicious procurement of a breach of contract of employment, during the subsistence of the contract resulting in damage, is an actionable wrong. *Employing Printers Club v. Doctor Blosser Co.,* 122 Ga. 509 (3) (50 SE 353, 69 LRA 90, 106 ASR 137, 2 AC 694).

In Bancroft-Whitney Co. v. Glen, 49 Cal. Rptr. 825, 842 (411 P2d 921), it was said: "It is beyond question that a corporate officer breaches his fiduciary duties when, with the purpose of facilitating the recruiting of the corporation's employees by a competitor, he supplies the competitor with a selective list of the corporation's employees who are, in his judgment, possessed of both ability and the personal characteristics desirable in an employee, together with the

salary the corporation is paying the employee and a suggestion as to the salary a competitor should offer in order to be successful in recruitment. This conclusion is inescapable even if the information regarding salaries is not deemed to be confidential. . ."

The court did not err in denying the oral motion to dismiss the complaint. Restatement 2d, Agency, § 395.

■ We cannot consider the enumeration that the court erred in granting an interlocutory injunction for the reason that the record does not contain a brief of the evidence upon which the court granted the injunction. It must therefore be presumed that the order complained of is correct. *Terry v. Warner Robins Supply Co.,* 225 Ga. 5 (165 SE2d 731).

*Judgment affirmed. All the Justices concur.*