**TELECOMMUNICATIONS, ENGINEERING SALES & SERVICE COMPANY, INC., Plaintiff-Appellee,**

v.

**SOUTHERN TELEPHONE SUPPLY COMPANY, Defendant-Appellant, John M. Smith, Defendant.**

No. 74–2091.

United States Court of Appeals, Sixth Circuit.

June 26, 1975.

W. Keith McCord, Egerton, McAfee, Armistead, Davis & McCord, Knoxville, Tenn., for defendant-appellant.

Robert G. McDowell, Baker, Worthington, Crossley & Stansberry, Knoxville, Tenn., for plaintiff-appellee.

Before PECK and MILLER, Circuit Judges, and HERMANSDORFER,* District Judge.

HERMANSDORFER, District Judge.

This appeal requires a consideration of Tennessee law applicable to an employment contract between Telecommunications Engineering Sales and Service Company, Inc. (TESSCO), a Tennessee corporation, and its employee, John M. Smith. Smith worked for TESSCO from August 1, 1971 until he resigned on November 5, 1973, "effective November 1973". Mr. Smith was a sales engineer for TESSCO working in the states of North Carolina, Georgia and Virginia providing technical assistance, engineering, sales, and service to independent telephone companies in the South. After losing several employees to competitors, TESSCO insisted upon its employees signing a written employment contract. Smith executed his contract on March 1,

1973. The material language of the contract for purposes of this appeal is found in the first paragraph:

"This agreement is between the undersigned parties and shall stay in force until terminated upon forty-five (45) days written notice by either party or upon fifteen (15) days notice by TESSCO for violation of TESSCO's Company policies in force at that time. In consideration of TESSCO employing the employee for the compensation and benefits cited below and other consideration, the employee agrees that in the event the employee's employment is terminated at any time or for any reason, the employee will not, directly or indirectly for himself or any other person or company, sell or offer for sale competitive items of TESSCO, within the employee's geographical sales or service territory or otherwise utilize the customers and business established while an employee of TESSCO for a period of eighteen (18) months after the termination of this agreement."

After delivering his letter of resignation in November, 1973, Smith commenced employment for the defendant-appellant Southern Telephone Supply Company (Southern), a Georgia corporation, on December 1, 1973. Southern was notified of the TESSCO employment contract and its material terms. Southern refused to discharge Smith as required by T.C.A. § 50–202. The action below was brought by TESSCO to enforce its contract and statutory rights under Tennessee law.

All parties below have appealed. TESSCO recovered a money judgment against Southern and injunctive relief enforcing the non-competition agreement against Smith. Smith and Southern have appealed. TESSCO has appealed the determination of the trial court that Southern did not entice Smith from his employment and thereby violate the provisions of § 47–15–113.

* Honorable H. David Hermansdorfer, Judge, United States District Court for the Eastern District of Kentucky, sitting by designation.

394

Several contentions of the parties may be disposed of without extended comment. Upon careful consideration we do not find clearly erroneous the findings that the employment contract was supported by consideration, *Ramsey v. Mutual Supply Company*, 58 Tenn. App. 164, 427 S.W.2d 849, 852 (1968); that the non-competition covenant was free of coercion or was not impermissibly broad as to time or geography; and we agree that Smith was properly enjoined by judicial decree to obey the non-competition covenant. *Allright Auto Parts, Inc. v. Berry*, 219 Tenn. 280, 409 S.W.2d 361, 363 (1966); *Di-Deeland, Inc. v. Colvin*, 208 Tenn. 551, 347 S.W.2d 483 (1961). The determination that Southern did not entice Smith to violate his employment with TESSCO, *Varno v. Tindall*, 164 Tenn. 642 (1932); *Emmco Ins. v. Beacon Mutual Ind.*, 204 Tenn. 540, 322 S.W.2d 226 (1959), is supported by the evidence.

A substantial question, however, is raised by Southern as to its liability under T.C.A. § 50–202. In the pre-trial order Southern asserted as a theory of defense that:

> "This defendant had no contract with plaintiff or John M. Smith in the State of Tennessee and it is believed that the laws of the State of Georgia are applicable to this defendant."

A search of the record fails to show that Southern, a Georgia corporation, had any history of doing business in Tennessee or had any positive contact with the State of Tennessee. TESSCO's complaint alleged Southern to be a Georgia corporation with its principal place of business in Georgia. Southern's employment of Smith occurred in Georgia, and Mr. Smith was to discharge his duties for Southern in North Carolina.

We must determine whether Southern, a Georgia corporation, with no contact in Tennessee may be held accountable under a Tennessee statute for an occurrence within the State of Georgia solely on the theory that some injury resulted from that occurrence within the State of Tennessee. Although the question was preserved in a pre-trial order below, the record on appeal imports that the question was not directly faced by the trial court.

The employment of Smith by Southern in Georgia was a matter of contract. The occurrence found to be actionable was the failure of Southern to discharge Smith in Georgia pursuant to the requirements of T.C.A. § 50–202. We are persuaded, but find it unnecessary to decide that the present state of Georgia law does not make actionable the refusal of Southern to discharge Smith in Georgia. Georgia appears to follow the common law without having adopted any modifying statute similar to T.C.A. § 50–202. See: *Harrison v. Sarah Coventry, Inc.*, 228 Ga. 169, 184 S.E.2d 448 (1971).

In reality, we are confronted with a conflict of laws question. The federal courts, in diversity actions, apply the conflict of laws rules prevailing in the states in which they sit. *Klaxon v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). To determine the substantive law to be applied we must ascertain the Tennessee conflicts rule and apply the same substantive law that would be applied by a Tennessee court under the same circumstances. The wrong sought to be remedied in the present case is one sounding in tort. See: *Finchem Steel Erection Corp. v. Local Union 384*, 202 Tenn. 580, 308 S.W.2d 381 (1957); *Koehler v. Cummings*, 380 F.Supp. 1294 (M.D. Tenn.1974).

In tort actions, Tennessee adheres to the traditional conflicts rule and consequently applies the law of the place of the wrong or the lex loci delicti. *Kennard v. Illinois Central R.R. Co.*, 177 Tenn. 311, 148 S.W.2d 1017 (1941); *Franklin v. Wills*, 217 F.2d 899 (6th Cir. 1954). Under this approach the alleged wrongs did not take place in Tennessee since all acts of Southern necessary to constitute liability under the statutes occurred in the State of Georgia.

TESSCO framed its complaint under three (3) Tennessee statutes. With respect to the "enticing away" statutes, T.C.A. § 50–201,[1] the district court held that the statute had not been violated by Southern. Since no appeal was taken from this ruling, no question with regard to it is before us. As to T.C.A. § 47–15–113,[2] pertaining to the procurement of a breach of contract, the district court again found that the statute was not violated, a question we need not discuss since we find, as set forth below, that the statute is *inapplicable* to any conduct on the part of defendant Southern. Liability against Southern was posited by the district court on the basis of T.C.A. § 50–202.[3] This statute was held to have been violated by Southern by reason of its failure to discharge Smith after receiving notice of his employment contract with TESSCO.

Applying the accepted Tennessee rule for determining the place of the wrong, it is clear that neither of the Tennessee statutes, upon the basis of which TESSCO under its complaint seeks to fix liability against Southern, is applicable. Under the procurement of breach of contract statute (T.C.A. § 47–15–113), it is clear that the place where the tort was committed would be the state where the acts of "persuasion", "misrepresentation", or other means, to induce or procure the breach of contract, took place. On the present record, there can be no doubt that these events all occurred in the State of Georgia and not in the State of Tennessee.

Similarly, with respect to the "enticing away" statute, T.C.A. § 50–202, the events necessary to impose liability are the failure to discharge the employee after receiving notice that he was bound by a prior employment contract to another party, or failure to pay such damages as the original employer may reasonably claim, after he had been notified that the person is under contract. These events also occurred, according to the undisputed facts, in the State of Georgia.

It follows that TESSCO may not recover damages against Southern under the Tennessee statutes relied upon in a Tennessee court, or in a federal court required to apply the Tennessee conflicts of law rule.

1. 50–201. Enticing away employees—Liability.—It shall be unlawful for any person, knowingly, to hire, contract with, decoy or entice away, directly or indirectly, any one, who is at the time under contract or in the employ of another; and any person so under contract or employ of another, leaving his employ without good and sufficient cause, before the expiration of the time for which he was employed, shall forfeit to the employer all sums due for service already rendered, and be liable for such other damages the employer may reasonably sustain by such violation of contract. [Acts 1875, ch. 93, § 1; Shan., § 4337; Code 1932, § 8559.]

2. 47–15–113. Procurement of breach of contracts unlawful—Treble damages.—It shall be unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any lawful contract by any party thereto; and, in every case where a breach or violation of such contract is so procured, the person so procuring or inducing the same shall be liable in treble the amount of damages resulting from or incident to the breach of said contract; and the party injured by such breach may bring his suit for said breach and for such damages. [Acts 1907, ch. 154, § 1; Shan., § 3193a8; mod. Code 1932, § 7811; T.C.A. (orig. ed.), § 47–1706.]

3. 50–202. Penalty for enticing—Damages.—Any person violating the provisions of the first clause of § 50–201 shall be liable to the party who originally was entitled to the services of said employee, by virtue of a previous contract, for such damages as he may reasonably sustain by the loss of the labor of said employee; and, whether he had knowledge of an existing contract or not, if he fails or refuses to discharge the person so hired, or to pay such damages as the original employer may reasonably claim, after he has been notified that the person is under contract, or has violated the contract with such other person, which amount shall be ascertained, and the collection enforced by action for damages before any court or justice of the peace of the county where said violation occurs, or the party violating said action may reside. [Acts 1875, ch. 93, § 2; Shan., § 4338; Code 1932 § 8560.]

Therefore, we hold that Southern was entitled to have its conduct in employing John M. Smith measured in terms of the requirements of the law of Georgia, and that Southern was not accountable for such employment under the law of Tennessee. The judgment finding Southern in violation of T.C.A. § 50–202 and the award of damages made for that violation is vacated.