## 32378. NASCO, INC. v. GIMBERT.

HILL, Justice.

The plaintiff, Nasco, Inc., sought injunctions and liquidated damages against Gimbert, a former employee, based on noncompetition, nonsolicitation and nondisclosure covenants in his employment contract. Plaintiff also sought an injunction prohibiting the defendant from hiring plaintiff's employees under employment contracts with the plaintiff. The trial court denied injunctive relief and granted the defendant's motion for summary judgment.

1. The two-year covenants against competition, customer solicitation and disclosure, set forth in the contract, expired on April 9, 1977. Hence, this appeal is moot insofar as it seeks review of the denial of injunctive relief to enforce the contract.

2. The contract specifies that it shall be construed and enforced pursuant to Tennessee law. Plaintiff contends that the trial court erred in applying Georgia law.

The plaintiff is a Tennessee corporation which recently qualified to do business in Georgia. The contract

indicates that the employee was a resident of Georgia when the contract was made and he was to perform the contract in Georgia, particularly west Georgia and Atlanta.

Although the plaintiff and the defendant had agreed that the contract would be construed pursuant to the law of Tennessee, the trial court applied the law of Georgia. We find no error. The law of the jurisdiction chosen by parties to a contract to govern their contractual rights will not be applied by Georgia courts where application of the chosen law would contravene the policy of, or would be prejudicial to the interests of, this state. Code Ann. § 102-110; *Ulman &c. Woolen Co. v. Magill,* 155 Ga. 555 (117 SE 657) (1923). See Restatement, Second, Conflict of Laws § 187 (2) (b) (1971). Covenants against disclosure, like covenants against competition, affect the interests of this state, namely the flow of information needed for competition among businesses, and hence their validity is determined by the public policy of this state. *Thomas v. Best Mfg. Corp.,* 234 Ga. 787 (1) (218 SE2d 68) (1975); *Howard Schultz & Assoc. of the Southeast v. Broniec,* 239 Ga. 181 (4) (236 SE2d 265) (1977).

3. Paragraph five of the contract is labeled as a covenant against disclosure of trade secrets. Actually it is a covenant against disclosure of "any information concerning any matters affecting or relating to the business of employer" including but not limited to the identity of any of employer's customers, its prices (including the prices at which it sells its products), and its production, manufacturing, sales promotion and merchandising methods and systems. The covenant is effective during employment and is in effect for two years following termination of employment. It provides for $50,000 as liquidated damages for breach, in addition to injunctive relief.

There is a great deal of public information concerning many matters which would affect or relate to the business of the employer; e.g., interest rates or minimum wage legislation.

This nondisclosure covenant is overly broad and unreasonable in that it would prohibit disclosure of information not needed for the protection of the

employer's legitimate business interests. *Durham v. Stand-By Labor,* 230 Ga. 558 (2) (198 SE2d 145) (1973). The employer cannot recover damages for breach of an unenforceable nondisclosure covenant. The trial court did not err in granting summary judgment against the employer's claim for liquidated damages.

4. The plaintiff sought an interlocutory injunction, pending further proceedings, to prevent defendant from pirating its employees under contract; i.e., to prevent interference by defendant with contractual relations between plaintiff and its employees. The trial court found that the defendant had hired one salesman who was an employee of the plaintiff. The court also found that the salesman's duties and abilities were similar to those of over one hundred other employees of plaintiff. For this reason the trial court did not abuse its discretion in denying an interlocutory injunction. *Pendley v. Lake Harbin Civic Assn.,* 230 Ga. 631, 636 (198 SE2d 503) (1973); Code Ann. § 55-108.

5. Plaintiff contends that the trial court erred in granting summary judgment against plaintiff's claim for relief based on defendant's interference with plaintiff's employment contracts with its key employees in its sales and marketing operations.

Interference with contract has long been an actionable wrong in Georgia. *Jones & Jeter v. Blocker,* 43 Ga. 331 (1871); *Luke v. DuPree,* 158 Ga. 590 (124 SE 13) (1924); *Harrison v. Sarah Coventry, Inc.,* 228 Ga. 169, 171-172 (184 SE2d 448) (1971). See Code Ann. § 105-1207 (Code of 1863 § 2954). "The malicious procurement of a breach of contract of employment, resulting in damage, where the procurement was during the subsistence of the contract, is an actionable wrong." *Employing Printers Club v. Doctor Blosser Co.,* 122 Ga. 509 (3) (50 SE 353) (1905).

The defendant admitted contacting during their employment three of plaintiff's employees who were in the fund raising division. He admitted discussing with each of these three the possibility of becoming employed by the company of which the defendant is president. The defendant admitted that he subsequently employed one of these persons.

The trial court found that plaintiff had failed to show that the one employee it lost to defendant's inducements had been under an employment contract. Although in seeking injunctive relief it may be incumbent on plaintiff to prove that its former employee had been under contract, in seeking summary judgment it was incumbent on the movant (the defendant) to show the absence of employment contracts in order to show that there is no interference with contractual relations. See *Davis v. Dickson,* 232 Ga. 338 (206 SE2d 473) (1974); *Wall v. Ga. Farm Bureau Mut. Ins. Co.,* 238 Ga. 275 (232 SE2d 555) (1977). The movant-defendant has not met this burden. Therefore the trial court erred in granting the defendant's motion for summary judgment against the plaintiff's claim for relief against defendant's interference with its employment contracts. See *Cochran v. Teasley,* 239 Ga. 289 (5) (236 SE2d 635) (1977).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Bowles, J., who concurs in the judgment only, and Jordan, J., who dissents as to Division 3 only.*

SUBMITTED JUNE 3, 1977 — DECIDED SEPTEMBER 7, 1977 — REHEARING DENIED SEPTEMBER 28, 1977.

*Freeman & Hawkins, A. Timothy Jones, Douglas L. Cronkright,* for appellant.

*Starkey, Benham & Mills, Tom Benham,* for appellee.