Richard J. WAGNER, Plaintiff,

v.

CAREER OPPORTUNITIES, INC., etc., Defendant.

Civ. A. No. 3:84–0361.

United States District Court, M.D. Tennessee, Nashville Division.

April 16, 1984.

On Motion for Summary Judgment Oct. 16, 1984.

Richard A. Buntele, Hackney & Buntele Associates, Nashville, Tenn., for plaintiff.

Thomas Brothers, Nashville, Tenn., for defendant.

NEESE, Senior District Judge.

■ The Court notices *sua sponte*, as it must, *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 699, n. 1 (6th Cir.1978), that the plaintiff has not included in his complaint a short and plain statement of the grounds upon which the Court's jurisdiction depends in the manner contemplated by Rule 8(a)(1), F.R.Civ.P. *See* form 2, F.R.Civ.P., appendix of forms. The district courts of this Circuit are adjured to insist upon strict compliance with the requirements of Rule 8(a)(1), *supra. Lenoir v. Porters Creek Watershed Dist.,* 586 F.2d

1081, 1085 (6th Cir.1978). Accordingly, the plaintiff is

ALLOWED 10 days in which to amend his complaint herein. 28 U.S.C. § 1653.

## ON MOTION FOR SUMMARY JUDGMENT

This is a civil action brought under the Fair Labor Standards Act of 1939 (FLSA), 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b). The defendant moved for a summary judgment, Rule 56(b), F.R.Civ.P., on the ground that the plaintiff was not an "employee" within the scope of the FLSA.[1] Such motion lacks merit.

■ The FLSA precludes making the decision of whether a particular relationship is that of employer-and-employee on the basis solely of whether the traditional attributes of master-and-servant are present. *Dunlop v. Dr. Pepper-Pepsi Cola Bottling Co., Etc.,* 529 F.2d 298, 300–301[2] (6th Cir.1976). Instead, the issue must be decided upon a consideration of the total relationship between the parties with careful consideration being given to the person's economic dependency on the purported employer and whether the person's work is an integral part of the operations of the purported employer. *Ib.,* 529 F.2d at 301[3].

■ " * * * To be entitled to summary judgment, the party seeking it must show conclusively that there exists for trial no genuine issue as to any material fact, and that under the undisputed record he is entitled to judgment as a matter of law. * * " *Mayes v. Gordon,* 536 F.Supp. 2, 7[10] (D.C.Tenn.1980) (citations omitted). The defendant has not met this burden because the record herein is not developed sufficiently to permit this Court to consider the total relationship between the parties. This is an example of the situation " * * * where a full inquiry into the facts under the usual trial procedure is advisable to develop the facts for the purpose of clarify-

1. The Congress defined an "employee" simply as " * * * includ[ing] an individual employed by an employer." 29 U.S.C. § 203(e). This has been described as " * * * the broadest defini-tion that has even been included in any one act." *United States v. Rosenwasser,* 323 U.S. 360, 363, 65 S.Ct. 295, 296 n. 3, 89 L.Ed. 301 (1945).

ing the application of the law * * *." *S.J. Groves & Sons Company v. Ohio Turnpike Commission,* 315 F.2d 235, 238[2] (6th Cir.1963).

The motion of the defendant for a summary judgment, therefore, hereby is

DENIED.[2]

---

2. In view of the complex factual and legal issues implicated herein, the anticipated length of the trial, and the relatively small amount of pay to which the plaintiff claims he is entitled ($6,587.28), counsel ought to consider seriously whether it might not be in the best interests of their respective clients to settle this matter out of court.