## MARKETING AND RESEARCH COUNSELORS, INC.

### v.

### Peter E. BOOTH and Booth Research Services, Inc.

### No. C84–1353A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 17, 1985.

Nicholas S. Papleacos, Stokes, Shapiro, Fussell & Genberg, Atlanta, Ga., for plaintiff.

James E. Thompson, Tucker, Ga., for defendants.

## ORDER OF COURT

MOYE, Chief Judge.

The above-styled action is before the Court on the defendants' motion for partial summary judgment. After a review of the pleadings and the relevant case law, this Court concludes that the defendants' motion must be granted in part and denied in part.

## FACTS

The defendant, Peter E. Booth, was employed by the plaintiff, Marketing and Research Counselors, Inc., for approximately 10 years. During his employment, the defendant signed a nonsolicitation agreement with the plaintiff. This agreement contained the following two provisions in paragraphs two and five:

> For a period of one year after termination, employee is prohibited from, either directly or indirectly, soliciting M/A/R/C clients upon whose account he/she has worked in the two years prior to termination.

> This agreement has been made and delivered in the State of Texas and is to be interpreted and enforced according to the laws of the State of Texas.

The plaintiff claims that the defendant has violated this agreement. The defendant argues that this agreement must be interpreted under Georgia law and that it is

unenforceable under Georgia law. As will be discussed below, this Court agrees with the defendant.

### Discussion

█ Under Georgia law, a restrictive covenant cannot be enforced unless there is a specific limitation on the geographical territory covered by the covenant. *See Guffey v. Shelnut & Associates, Incorporated,* 247 Ga. 667, 670, 278 S.E.2d 371 (11th Cir.1981); *Merrill Lynch, Pierce, Fenner & Smith v. Stidham,* 658 F.2d 1098, 1101 (5th Cir.1981). It is undisputed that the contract in question in this case did not contain a territorial limitation. Therefore, if Georgia law is applied to this case, the restrictive covenant would be rendered unenforceable and the defendants' motion for partial summary judgment would have to be granted.

The issue before this Court is whether the parties' choice of law clause contained in the contract will be given effect. Were this Court acting on a blank slate, this question would cause significant difficulty. The Georgia Supreme Court, however, has resolved this issue and this Court in this diversity case is bound by that determination. *See Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

In *Nasco, Inc. v. Gimbert,* 239 Ga. 675, 238 S.E.2d 368 (1977), the plaintiff sought to enjoin the defendant from breaching the noncompetition, nonsolicitation, and nondisclosure covenants in his employment contract. The parties agreed in the contract that Tennessee law would govern the agreement. In clear and precise language, the Supreme Court of Georgia stated the following:

> Although the plaintiff and the defendant had agreed that the contract would be construed pursuant to the law of Tennessee, the trial court applied the law of Georgia. We find no error. *The law of the jurisdiction chosen by parties to a contract to govern their contractual rights will not be applied by Georgia courts where application of the chosen law would contravene the policy of, or would be prejudicial to the interests of the state.* [citations omitted]. *Covenants against disclosure, like covenants against competition, affect the interests of this state ... and hence their validity is determined by the public policy of this state.*

*Id.* 239 Ga. at 676, 238 S.E.2d 368 (emphasis added).

Relying on this language, two circuit court panel decisions binding on this Court have held that restrictive covenants in employment contracts must be construed under Georgia law. *See Merrill Lynch, Pierce, Fenner & Smith v. Stidham,* 658 F.2d 1098, 1100 fn. 5 (5th Cir.1981). *Barnes Group, Inc. v. Harper,* 653 F.2d 175, 178 fn. 4 (Fifth Cir. Unit B), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1278, 71 L.Ed.2d 462 (1981). In fact, the *Stidham* decision *is on all fours with the present case because it involved a restrictive covenant without a territorial limitation. Stidham* at 1101. The *Stidham* panel, acknowledging that it was *required* to apply Georgia law,[1] reluctantly ruled that the covenant was unenforceable.

The plaintiff, while not attempting to distinguish the above-mentioned authority, cites this Court to the Eleventh Circuit decision in *Nordson Corp. v. Plasschaert,* 674 F.2d 1371 (1982), which applied Ohio law to a case involving restrictive covenants and a choice of law provision in an employment contract. At the outset, this Court must mention that *Nordson* appears to this Court to be at direct odds with the *Stidham* and *Harper* decisions mentioned above. Secondly, the *Nordson* decision *is in direct conflict with the Georgia Supreme Court's opinion* in *Nasco.* The

---

**1.** The Stidham panel stated the following:

The employment contracts at issue purport to choose New York law as governing. We cannot honor this choice since a Georgia court would not. Restrictive covenants contravene Georgia public policy and are construed under Georgia law if they are to be applied therein. *Stidham* at 1100, fn. 5.

*Nordson* panel framed the issue in front of them as follows:

> Georgia will honor the choice of law provision unless there was no reasonable basis for the parties' choice or unless the provision 'is contrary to a fundamental policy of a state which has a materially greater interest than the chosen state....' *Thus the controlling determination is whether Georgia has a materially greater interest than Ohio in this issue.* We hold that it does not.

*Nordson,* at 1375 (emphasis added).

With all respect to the *Nordson* panel, this Court is at a loss to understand how the quoted "interest analysis" language from *Nordson* can be reconciled with the following language from the Georgia Supreme Court:

> Covenants against disclosure, like covenants against competition affect the interests of this state, namely the flow of information needed for competition among businesses, *and hence their validity is determined by the public policy of this state.*

*Nasco, supra* at 676 (emphasis added).

The only Georgia case cited by the *Nordson* panel to support its decision was *Commercial Credit Plan, Inc. v. Parker,* 152 Ga.App. 409 (1979). *Nordson* at 1375. This case, however, had nothing to do with restrictive covenants but with a disputed loan contract.

Despite the fact that they reached different results, the irreconcilable *Stidham* and *Nordson* decisions are both "binding" on this Court. This Court, however, as a practical matter must choose between them. In light of the precise language in the *Nasco* decision, decided by the Georgia Supreme Court, this Court determines that as an *Erie* court, it *must* follow *Stidham* and hold that restrictive covenants at issue in a Georgia case will be interpreted under Georgia law. Therefore, the restrictive covenant at issue in this case is unenforceable because it does not contain a territorial limitation, *see Guffey, supra,* and thus the defendant is entitled to summary judgment on the plaintiff's claim that he violated the nonsolicitation covenant contained in his contract.

There is also a covenant not to disclose confidential information contained in the contract between the parties. The defendant argues that this covenant is unenforceable because the nonsolicitation covenant is unenforceable and thus the entire contract is unenforceable. The law in Georgia, however, is that covenants not to disclose confidential information can be enforced even if other restrictive covenants contained in the contract are unenforceable. *Durham v. Stand-By Labor,* 230 Ga. 558, 198 S.E.2d 145 (1973); *Ward v. Process Control Corp.,* 247 Ga. 583, 277 S.E.2d 671 (1981). Therefore, the defendants' motion for summary judgment on the plaintiff's wrongful disclosure claims must be denied.

In sum, the defendants' motion for partial summary judgment is GRANTED as to the plaintiff's claim that the defendant violated the nonsolicitation clause of the contract. Its motion for partial summary judgment is DENIED as to the plaintiff's wrongful disclosure claims.