(No. 11664.—Judgment affirmed.)

THE PEOPLE ex rel. Luther McCoy et al. Appellants, vs.
E. L. DOUGLAS et al. Appellees.

*Opinion filed December 19, 1917.*

1. PLEADING—*rule of pleading where there is an exception in a statute.* If there be an exception in the enacting clause of a statute it must be negatived by the party relying on the statute, but if there be an exception in a subsequent clause the party claiming the case to be within the exception must show that fact to avoid the operation of the statute.

2. CONSTITUTIONAL LAW—*the high school curative act of 1917 is valid.* The curative act of 1917, to legalize the organization of certain high school districts, is valid and effective to legalize the organization of such districts. (*People* v. *Madison,* 280 Ill. 96, *People* v. *Dix,* id. 158, and *People* v. *Stitt,* id. 553, followed.)

3. QUO WARRANTO—*when relators must show that high·school district is within exception to statute.* Relators in an information in the nature of *quo warranto* who seek to attack the validity of the organization of a high school district on the ground that such district is within the exception of section 3 of the high school curative act of 1917 must show that fact, as section 1 of that act purports to legalize the organization of all high school districts in which elections have been held in accordance with the provisions of such section.

APPEAL from the Circuit Court of Jasper county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

WILLIAM E. ISLEY, State's Attorney, and FITHIAN & KASSERMAN, for appellants.

NEWLIN, PARKER & NEWLIN, for appellees. ·

Mr. JUSTICE DUNN delivered the opinion of the court:

To an information in the nature of *quo warranto* requiring them to show by what warrant they claimed to hold and execute the offices of president and members of the board of education of a certain supposed high school district the appellees filed two pleas, alleging the doing of

the various things required for the organization of a high school district in accordance with the act of 1911, which was held unconstitutional in *People* v. *Weis*, 275 Ill. 581, and also the incurring of indebtedness, the payment of expenses and the performance of various official acts because of such organization. Replications were filed to the pleas but were later withdrawn as to one plea, and that plea was demurred to. The appellees demurred to the replications to the other plea, and the court overruled the demurrer to the plea and sustained the demurrer to the replications. The relators electing to stand by their demurrer and replications, judgment was rendered quashing the information, and the relators appealed.

We have held that the act "to legalize the organization of certain high school districts," approved June 14, 1917, is effective to legalize the organization of the districts which it purports to affect. (*People* v. *Madison*, 280 Ill. 96; *People* v. *Dix*, id. 158; *People* v. *Stitt*, id. 553.) The plea to which the demurrer was overruled brought the case within the terms of the act, and the judgment was therefore right.

This act provides in section 3 that where there are two districts whose territory overlaps, the district which shall have first established and continues to conduct a high school is validated and confirmed. The appellants' counsel argue that the plea does not show that the district in question is not an overlapping district and is therefore bad. The first section of the act purports to legalize the organization of all high school districts in which elections have been held in accordance with the provisions of that section. By a separate section certain cases are excepted from the operation of the enactment. In pleading a statute, if there be an exception in the enacting clause it must be negatived by the party relying on the statute, but if there be an exception in a subsequent clause the other party must show it to avoid the operation of the statute. (1 Chitty's Pl. 223; *Toledo, Peoria and Warsaw Railway Co.* v. *Lavery*, 71 Ill.

522; *Hyman* v: *Bayne,* 83 id. 256; *VonBoeckmann* v. *Corn Products Refining Co.* 274 id. 605.) The burden was on the relators to allege and prove the existence of the condition mentioned in section 3.

The appellants argue the sufficiency of the replications to the other plea, but it would be useless to consider this question. One good plea constitutes a complete defense to the information. It is not worth while to inquire whether a replication to another plea was good or bad, for it could not affect the. judgment.                     *Judgment affirmed.*