---

(No. 12606.—Appellate Court reversed; municipal court affirmed.)
M. A. SCHOLBE, Appellee, _vs._ MAX SCHUCHARDT _et al._ Appellants.

_Opinion filed April 21, 1920._

1. PRACTICE—_when party does not waive right to object to sufficiency of affidavit of merits._ In an action in the municipal court of Chicago on a promissory note the plaintiff may either move to strike the defendant's affidavit of merits or object to any evidence under the affidavit on the ground that it is insufficient, and by contesting the facts introduced on the trial the plaintiff does not waive the right to claim, on appeal, that the affidavit did not set up a legal defense and that the evidence was not admissible under it.

2. BILLS AND NOTES—_the purchase of stock is sufficient consideration for note of selling agent to secure payment of dividends._ Where an agent who is selling stock for a corporation guarantees that dividends will be paid, and to induce a party to purchase the stock gives his personal note "to secure" either the payment of dividends or the re-purchase of the stock, there is a sufficient consideration for the note and the agent is bound according to the terms of his agreement.

3. SAME—_meaning of the words "to secure," when indorsed on a promissory note._ The words "to secure 5000 shares of Regina stock," indorsed on the margin of a promissory note given to a purchaser of such stock by the agent making the sale, mean to make secure, to assure or guarantee against a risk of some kind, and do not imply an absolute liability on the note.

4. SAME—_when words written on margin of note must be considered as a part of it._ In an action on a promissory note, where the proof shows that words written on the margin of the note were written there at the time the instrument was executed and delivered, the words must be considered as if written over the signature of the maker and are as binding on the parties to the instrument as if incorporated in the body of the note.

292 — 34

5. Same—*oral evidence is admissible to ascertain meaning of note which is ambiguous on its face.* Where marginal words written on a promissory note as a part of the instrument render its meaning incomplete or ambiguous, oral evidence is admissible to explain the indorsement and to show what the complete contract was, provided such evidence is in harmony with the written instrument so far as its meaning is. disclosed on its face.

6. Contracts—*written contract which is ambiguous may be explained by oral evidence.* A written contract cannot be varied or contradicted by evidence of an oral agreement entered into between the parties before or at the time of making the contract, but where the written contract is uncertain, ambiguous or incomplete, oral evidence is admissible to show the whole agreement.

Appeal from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. William N. Gemmill, Judge, presiding.

Charles E. Selleck, for appellants.

George M. Bagby, (James C. Martin, of counsel,) for appellee.

Mr. Justice Duncan delivered the opinion of the court:

Judgment was rendered against appellee, M. A. Scholbe, in the municipal court of Chicago in a suit against appellants, Max Schuchardt and Frieda E. Schuchardt, his wife, on a promissory note signed by Max Schuchardt and indorsed by Frieda E. Schuchardt for $1250, with six per cent interest, payable on demand to the appellee and bearing date January 28, 1907. The note, when delivered, had the following marginal memorandum written on its face just below the signature of the maker: "This note is given to secure 5000 shares of Regina stock." Previous to the entry of. the judgment the court overruled motions for a new trial, in arrest of judgment and for judgment *non obstante veredicto.* On appeal the Appellate Court for the First District reversed the judgment and entered its judg-

ment in favor of appellee in the sum of $2125 and costs upon the same facts found by the municipal court and a jury · and granted a certificate of importance and this appeal.

Appellants filed an affidavit of defense, in which they set up, and on the trial established, the following facts in substance: Appellee purchased of appellant Max Schuchardt, as agent of the Regina Mining and Milling Company, a mining corporation, 5000 shares of stock of that corporation at the price of twenty-five cents per share, the stock being treasury stock belonging to the corporation. Schuchardt, as an inducement to appellee to purchase the stock, stated to him that the corporation was a *bona fide* one, actually formed to engage in the business of mining and smelting lead, zinc and other metals, and that he believed and expected that it would earn and make profits in the business, and that if appellee would purchase and pay for said shares Schuchardt would agree and guarantee to re-purchase from appellee the 5000 shares of stock at the same aggregate price of $1250 in case the corporation did not pay any dividend on the stock thereafter, Schuchardt to be released and absolved from such agreement and guaranty if at least one dividend on such stock should thereafter be paid by the corporation. Appellee accepted that offer and purchased and paid for the 5000 shares upon said terms. Simultaneously with the delivery of the stock Schuchardt signed and delivered to appellee the note, with the further agreement between them that if at any time thereafter any dividend was paid to appellee, or if no such dividend was ever paid and Schuchardt should thereafter re-purchase or cause someone else to re-purchase from appellee the 5000 shares of stock for not less than $1250, then in either of such contingencies appellee would cancel and surrender to Schuchardt the note, and all liability thereupon should cease and determine. The foregoing agreements and transactions constitute the sole and only consideration which moved or passed to either of appellants for the note, and neither of them received the

$1250, nor any part thereof, as commissions or otherwise, but the same was paid to the corporation for its stock, and the note, with the memorandum, was delivered to the appellee as the only written evidence of the agreement and guaranty of Schuchardt, and was indorsed by Frieda E. Schuchardt, his wife, for the same reasons and purposes aforesaid. It was further alleged and proved that two or more dividends, of one per cent each, were paid on said shares to appellee in 1907 or shortly after the giving of the note; that the stock of the corporation greatly advanced in price, and advanced to more than seventy-five cents per share within two years or less after the date of the note; that Schuchardt, within two years after the agreement, offered to re-purchase the 5000 shares from appellee and pay him therefor $1250 and six per cent interest thereon from the date of the note, and that appellee refused to sell him the same at such price but on request promised to return to him the note; that thereafter he refused, and has continuously refused and neglected, to cancel or deliver the note to appellants in accordance with the terms of his agreement.

It is conceded by appellants that if the facts alleged in their affidavit of defense and proved on the trial by them do not, as a matter of law, constitute a legal defense to the note sued on, the judgment of the Appellate Court should be affirmed. There is no dispute as to the facts, and appellee concedes, in substance, that they are as above set forth, and that if they constitute a legal defense the judgment of the Appellate Court must be reversed, as the Appellate Court did not recite in its judgment a finding of facts different from the facts found by the jury and the trial court.

The contentions of appellee in the lower court and in this court are, that the facts do not show a want or failure of consideration, in whole or in part, for the giving of the note, but that such proof was merely an attempt to vary the terms thereof by showing a contemporaneous oral agreement that payment was conditional, and hence was incompe-

tent; that the memorandum on the margin of the note was but a statement of the transaction out of which the note arose and did not open the door for parol testimony to vary or explain its meaning, and that appellee did not waive his right to insist that appellants had failed to show a valid defense by contesting the facts proved.

Appellee made the claim on the trial that the affidavit of defense did not set up a legal defense on the promissory note and that the evidence was not admissible under it, as it tended to vary the positive terms of the contract on the note sued on. He did not waive his right to make this claim here by contesting the facts introduced on the trial. Demurrers or formal pleadings are not contemplated by the Municipal Court act as in common law actions. It was the privilege of appellee to move to strike the affidavit of merits because it did not set up a legal defense, or to adopt the practice of objecting to any evidence under the affidavit on the ground that the affidavit was insufficient, as either method gave notice of his claim that the issues sought to be raised were immaterial and not decisive of the merits of the case. In view of the conclusions we have reached it will not be necessary to pass upon the question whether or not the facts set up and proved show a want or failure of consideration as a defense.

The real question in the case is whether or not the affidavit sets up a legal defense to the note, as contended by appellants under their second contention. If it did, the parol evidence was properly admitted and the judgment of the Appellate Court should be reversed. The real consideration for the note in this case was not the stock purchased by appellee or the money with which he paid for the stock, but was the contract of Max Schuchardt to guarantee, if appellee would purchase the stock, that dividends would be paid on the stock, or that the stock would be re-purchased of appellee at the same price in case no dividends were paid. This was a sufficient consideration and bound Schuchardt

according to the actual terms of that guaranty. (8 Corpus Juris, 223.) It would, indeed, be a hard and unjust rule of law to be applied to the facts in this case if he were to be held beyond the actual terms of his verbal contract. That would amount to a holding that appellee was entitled to the stock and dividends thereon, and all that he paid for it, and interest on his investment, no matter how valuable the stock might prove to be. It is clear that the actual terms of his contract are only partially expressed by the note in suit, and that unless the actual contract may be shown appellee will recover on the note as an absolute contract of payment, although it clearly discloses by its express terms that it was given only as security or guaranty. This must be conceded to be true if the marginal words written on the note are to be considered as a part of it, as the plainly expressed meaning of those words is that the note is given as security, "to secure 5000 shares of Regina stock." The primary meaning of the words "to secure," as used in this note, is to make secure; to assure or guarantee against a risk or hazard of some kind; and does not imply absolute liability but a secondary or contingent liability.

While it is elementary that a written contract cannot be varied or contradicted by evidence of an oral agreement entered into between the parties before or at the time of making the contract, and that this rule applies to bills and notes, yet it is also the rule that where a contract is uncertain, ambiguous or incomplete the whole agreement may be proven. (*Stone* v. *Mulvaine,* 217 Ill. 40; *Bradshaw* v. *Combs,* 102 id. 428.) The proof being that the marginal words were on the written note or instrument sued on at the time it was executed and delivered, those words must be considered the same as if they had been written over the signature of Max Schuchardt and as a part of the instrument itself. The weight of the authorities is undoubtedly to the effect that such words are as binding on the parties to the instrument as if they were incorporated in the body

of it before it was signed, and that is also the holding of this court. (*VanZandt* v. *Hopkins,* 151 Ill. 248; *Heywood* v. *Perrin,* 20 Am. Dec. 518; 8 Corpus Juris, 191; 1 Daniel on Neg. Inst. 120.) In the interpretation of the instrument sued on, the marginal words must be fully considered as a part of the instrument, and when we so consider them it is apparent that the contract is not complete and that its meaning is uncertain or ambiguous, and that to ascertain the meaning of the same oral evidence must be admitted to properly understand and interpret it. By the introduction of such evidence the written contract was not varied but was simply explained and set forth in full, so that its exact meaning might be understood. Under that evidence, properly admitted, the lower court rightly held that the instrument sued on was not an absolute promise to pay $1250 and interest thereon, but was a contract to pay said sum and interest on condition that no dividend was paid on the stock, or, in case no dividend was paid, that the same would be re-purchased by Max Schuchardt, or by someone at his procurement, for the original price.paid for the stock. The oral contract testified to is in harmony with the instrument in question, as it clearly discloses that it is not an absolute promise to pay said sum but only a collateral or secondary agreement to pay indemnity or security. The actual extent of appellants' liability, or whether or not there was any liability at all, could not be determined except by the admission of oral evidence as to the whole contract, and its admission showed no liability whatever, as the guaranty was fully discharged.

The judgment of the Appellate Court, for the foregoing reasons, must be reversed and the judgment of the municipal court affirmed.

> *Judgment of Appellate Court reversed.*
> *Judgment of municipal court affirmed.*