LUKE O. EDWARDS, Plaintiff-Appellee, *v.* MORTON D. WILLCUTTS, JR., Defendant-Appellant.

(No. 74-27; )

Third District—June 28, 1974.

Carl E. Hawkinson, of Barash and Stoerzbach, of Galesburg, for appellant.

Robert McLaughlin, of McLaughlin & Hattery, of Galesburg, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Knox County, Illinois, denying a motion to open a judgment by confession.

The complaint of the plaintiff, Luke O. Edwards, alleged that he was the owner of a note dated June 1, 1971, executed and delivered by the defendant, Morton D. Willcutts, Jr., in the amount of $12,100, and that the following amounts remained due: $10,000 principal, $200 interest, and $910 attorney's fees. The complaint was dated March 30, 1973, and was filed April 25, 1973, and judgment for $11,110 was entered May 2, 1973.

The note attached to the plaintiff's complaint provided for payment of the sum of $12,100 in 12 monthly installments with interest at the rate of 2 percent per annum after maturity, authorized entry of judgment by confession, and permitted the addition of reasonable attorney fees and collection expenses.

The defendant thereafter filed a motion to open the judgment by confession, supported by his affidavit and accompanied by the verified answer he proposed to file. Attached to the affidavit was a copy of a note which was substantially the same as the note attached to the plaintiff's complaint, but which was dated June 1, 1970.

The defendant, in his affidavit and in his answer, alleged that the 1970 note for $12,100 was given to secure a loan of $11,000 plus $1,100 prepaid interest for 1 year; that the 1971 note for $12,100 was given to secure the

balance then remaining due, $11,091.63, plus $1,008.37 prepaid interest for 1 more year; that nothing else was given the defendant for his 1971 note; and that the rate of interest on each of the notes was therefore usurious. He also alleged, in his affidavit, that he and the plaintiff were not "in any of the relationships described" in subparagraphs (a) through (h) of section 4 of the statute on interest (Ill. Rev. Stat. 1973, ch. 74, sec. 4), and in his complaint he alleged that he and the plaintiff were "not included in the exemptions stated" in Section 4 of that statute.

The plaintiff filed a motion to strike the defendant's motion and supporting documents, on the grounds that the affidavit and the answer did not contain sufficient allegations of fact to establish the defense of usury and that they set forth conclusions rather than allegations of fact. The trial court allowed the motion of the plaintiff on November 7, 1973, for the reasons the plaintiff advanced, and confirmed its earlier judgment by confession, and this appeal by the defendant followed.

■■ Supreme Court Rule 276 requires that a motion to open a judgment by confession be supported by affidavit in the manner provided by Rule 191, that the motion be accompanied by a verified answer which the defendant proposes to file, and that the motion and affidavit "disclose a prima facie defense on the merits * * *." (Ill. Rev. Stat. 1973, ch. 110A, sec. 276.) Supreme Court Rule 191 provides that affidavits "shall not consist of conclusions but of facts admissible in evidence." (Ill. Rev. Stat. 1973, ch. 110A, sec. 191.) It appears to us that the affidavit of the defendant in this case adequately alleges facts showing the charging of interest in excess of the general interest rate (Ill. Rev. Stat. 1973, ch. 74, sec.4), the difference between $11,000 and the amount to be repaid being a charge beyond that permitted (see *Winter & Hirsch, Inc. v. Passarelli,* 122 Ill.App.2d 372, 378), and being properly characterized as usurious, unless the transaction happened to be within one of the exceptions set forth in the statute. The plaintiff maintains, regarding the exceptions, that the allegation that the defendant and he were not "in any of the relationships" described in the statute is a conclusion and not a statement of fact. This raises the question whether, in order to "disclose a prima facie defense on the merits," it was necessary for the defendant to negate the various exceptions enumerated in the interest statute.

■■ Although the principle does not appear to have been applied to this particular statute in the reported cases, it has often been stated that a party relying on a statute need not negative an exception or a proviso unless it is contained in the enacting clause rather than a subsequent clause. (See, *e.g., People ex rel. Illinois Armory Board v. Kelly,* 369 Ill. 280, 283-84; *People ex rel. McCoy v. Douglas,* 281 Ill. 478, 479-80; 2 Nichols, Illinois Civil Practice § 978 (1961 rev. ed.); Annot., 130 A.L.R.

440.) We find, accordingly, that a party relying on the interest statute need not negative the various exceptions provided therein after the establishment of the general interest rate (see 3 Callaghan's Illinois Civil Practice Forms § 61.151), and hold that the defendant in this case had no obligation to do so.

We add that in our opinion the defendant sufficiently negatived the statute's exceptions anyway, having stated, though somewhat cryptically, what would have been no more informative if spelled out in detail.

██ It is our opinion that the defendant's motion, affidavit, and complaint contained sufficient allegations for their purpose. Any surplus language which might be conclusions can be ignored. (*Atlanta National Bank v. Johnson Tractor Sales*, 130 Ill.App.2d 793, 795.) If there are controverted issues of fact, they should be resolved in a trial on the merits. *Standard Bank & Trust Co. v. Cooper*, 100 Ill.App.2d 42.

For the reasons stated the judgment of the Circuit Court of Knox County is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

ALLOY and STOUDER, JJ., concur.