JERALD DAVIS, a/k/a Jerry Davis, Plaintiff-Appellee, *v.*
WILLIAM BUCHHOLZ, *et al.*, Defendants-Appellants.

Third District    No. 81-169

Opinion filed November 12, 1981.

Thomas W. Dye, of Macomb, for appellants.

Bisbee & Nagan, of Macomb, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendants William Buchholz and William Heap appeal from the judgment of the Circuit Court of McDonough County in favor of plaintiff Jerald Davis. Davis had brought suit against Buchholz and Heap for recovery on three promissory notes given by them to him in 1975 in connection with a business arrangement. The court, after a bench trial, granted recovery on the notes. On appeal, the defendants argue the court erred in excluding certain evidence concerning the intentions of the parties as related to the validity of the notes and concerning plaintiff's performance under the agreement between the parties.

Plaintiff Davis' complaint alleged that during 1974 and 1975 he had performed for defendants various management services in connection with rental apartments owned by defendants in Macomb. The complaint alleged further that three promissory notes (attached to the complaint) were paid "in compensation for portions of said management services." The demand notes, all executed in 1975, totaled $3,555.25, being 10% of the total rental receipts for specified periods of time during which plaintiff managed the apartments. The complaint alleged that the notes were due and payable, demand having been made, and it requested judgment for the value of the notes, plus interest and attorneys fees. The notes are demand notes executed by both defendants in favor of plaintiff Davis.

In pertinent part of the defendants' answer, they admitted they employed plaintiff as a manager for certain rental apartments. They also asserted, by way of admission, that their agreement with him was that he would receive 10% of the rentals received from the apartments when the business was on a profit-making basis. They denied, however, that plaintiff performed substantial management services. They admitted that the notes were executed and delivered, alleging, however, that such was done with the understanding that they would be valid and payable only when the rental business at the apartments was on a profit-making basis.

At trial, plaintiff's counsel called defendant Heap, under section 60, and through him established that plaintiff Davis was hired by defendants in September 1974 to serve as manager of the apartments. Heap also testified that he signed the notes, the principals of which represented 10% of rental moneys received on the apartments, during various periods when Davis managed the apartments. He admitted that no payments had been made on the notes, despite demands. Plaintiff then rested his case.

Defendants then recalled Heap, as their first witness for the defense.

After establishing that he and Buchholz had owned the apartments, defense counsel sought to inquire into the substance of conversations between plaintiff and defendants which occurred on or about September 1, 1974. This was the date on which defendants had first hired plaintiff Davis as manager for the apartments in question.

Plaintiff's counsel then interposed an objection based upon the parol evidence rule. He argued that defense counsel was seeking to inquire into matters occurring prior to the execution of the notes for the purpose of changing or contradicting the written notes and that such evidence was inadmissible. In the ensuing colloquy, defense counsel argued that plaintiff's complaint alleged the existence of the prior oral agreement under which the notes had been executed. He argued that the underlying basis for the action was the oral agreement, the existence of which was admitted by the plaintiff. Defense counsel further argued that the evidence would not alter or vary the terms of the notes, but that it would show that they were intended by the parties to take effect only upon compliance with certain conditions not stated in the contract. In essence, counsel stated that he wished to show conditional delivery of the notes. The trial court sustained plaintiff's parol evidence objection to the evidence, relying upon an apparently applicable section in Hunter's Trial Handbook.

Defense counsel was permitted to make his offer of proof. In the offer of proof, Heap testified that under the oral agreement plaintiff's compensation was conditioned upon the business making a profit. He testified that the notes were part of the accounting procedure, to keep track of how much would be owing after the five-year term of the agreement was concluded. He further testified that the business did not make a profit.

After the offer of proof concerning the conditional nature of the delivery of the notes, defense counsel (back on the record) inquired of Heap concerning plaintiff Davis' performance under the management contract. Objection was made to any inquiry into plaintiff's performance, counsel arguing that no allegation of breach of the contract was set forth in the defense answer. Defense counsel rejoined that he was merely trying to show a failure of consideration under the agreement, and that while not expressly stated, such contention was implied in their answer. The court sustained the objection, and another offer of proof was made. In it, Heap presented testimony that Davis' management services were unsatisfactory and that the apartments he managed did not make a profit. The defense also called William Buchholz, the other defendant, as part of the offer of proof. Buchholz testified that if asked the same questions as Heap, he would respond in substantially the same way. At the conclusion of the evidence, the court indicated that it would enter judgment on each of the

three notes in favor of plaintiff. Judgment was thereafter entered in the amount of $6,175.51, which included the face amounts on the notes, with specified interest and attorneys fees. From that judgment the defendants appeal. They raise issues as to the propriety of excluding defense evidence (1) on the conditional nature of the notes and (2) on plaintiff's performance of his duties as manager. We reverse and remand.

■■ ■ The parol evidence rule, in general, operates to exclude evidence which would change or alter the expressed meaning of a written document, when such evidence concerns dealings between the parties before or at the time of making the written contract. It is applied to bills and notes, as well. (*Scholbe v. Schuchardt* (1920), 292 Ill. 529, 534, 127 N.E. 169.) There are a number of exceptions to the rule, however. The foremost exception is where parol evidence is offered to explain or supplement the ambiguous meaning of the written contract. (*Scholbe v. Schuchardt* (1920), 292 Ill. 529, 534; *Althoff Industries, Inc. v. Elgin Medical Center, Inc.* (1981), 95 Ill. App. 3d 517, 520-21, 420 N.E.2d 800; 12 Am. Jur. 2d *Bills and Notes* §1241 (1964).) Another recognized exception to application of the parol evidence rule, and the one applicable here, is that of conditional delivery. As we stated in *Haas v. Cohen* (1973), 10 Ill. App. 3d 896, 898-99, 295 N.E.2d 28:

> "Ordinarily, parol evidence is not admissible to vary, alter or contradict the terms of a written contract, which also would include a situation where a condition which is not provided for in the contract is imposed by parol. [Citation.] If, however, parol evidence is offered to show that a contract was intended to take effect only upon compliance with a certain condition it is admissible. [Citation.]"

(See also *Althoff Industries, Inc. v. Elgin Medical Center, Inc.* (1981), 95 Ill. App. 3d 517, 521-22; *Passanante v. Callier* (1978), 61 Ill. App. 3d 360, 363-64, 377 N.E.2d 1304; 12 Am. Jur. 2d *Bills & Notes* §1248 (1964); Ill. Ann. Stat., ch. 26, par. 3—119, Code Comments, at 84-86 (Smith-Hurd 1963).) The condition alleged must be to the formation of the contract, and not merely to payment or performance. (95 Ill. App. 3d 517, 522.) As clearly stated in 12 Am. Jur. 2d *Bills and Notes* §1248 (1964):

> "If the condition of the delivery is a condition precedent to the going into effect of the writing as a valid instrument, then parol evidence is admissible to show such condition; and delivery is upon a condition precedent if the parties agree that the contract shall not be a binding obligation until some event occurs. To render parol evidence admissible, the condition precedent must be a condition precedent to the contract's becoming a valid obligation and not merely precedent to its payment."

■■ In the instant case the answer of the defendants essentially stated that

execution and delivery of the promissory notes was conditional, the condition being that the apartments made a profit. While the answer is somewhat ambiguous on the issue, the evidence advanced in the offer of proof indicated that the delivery of the notes and their validity as binding obligations were conditional upon the business making a profit. Plaintiff argues that only conditional payment is shown in the evidence, and, therefore, parol evidence was properly excluded. However, the thrust of defense counsel's argument during trial and the substance of the evidence in the offer of proof was to the effect that the entire obligation, not merely payment, was conditioned upon the business showing a profit. We hold that the defendants should have been permitted to present their parol evidence concerning the conditional nature of their execution and delivery of the promissory notes. The court erred in excluding that testimony.

■■■ The next issue raised concerns the defense testimony with respect to the adequacy of the plaintiff's performance of his management duties. The court refused to permit defense counsel to inquire into this area. The testimony in the defense offer of proof was to the effect that plaintiff had not properly performed his management duties and also that the business had not made a profit during his tenure as manager. The plaintiff alleges that such evidence was properly excluded as going beyond the issues framed by the pleadings. We note, initially, that the plaintiff alleged in his complaint that he had performed certain management services for the defendant and also that the notes were compensation for those services. The defendants denied the allegation of performance in their answer. An issue as to performance was thereby joined. Plaintiff Davis had affirmatively alleged that his performance of management services was consideration given for the promissory notes. While there is a presumption that consideration was given for validly executed negotiable instruments (*Gustafson v. Lindquist* (1976), 40 Ill. App. 3d 152, 155, 351 N.E.2d 280), the presumption is rebuttable, though evidence to rebut must be of a very clear and cogent nature (*H. Watson Development Co. v. Bank & Trust Co.* (1978), 58 Ill. App. 3d 423, 374 N.E.2d 767). Furthermore, failure of consideration may be shown by parol evidence. (*Houck v. Martin* (1980), 82 Ill. App. 3d 205, 211, 402 N.E.2d 421.) Clearly, evidence indicating a lack of consideration was admissible, despite the parol evidence rule, if that issue was properly in dispute.

■■ The plaintiff argues that the issue was beyond the pleadings. However, as noted, plaintiff alleged performance of management services as consideration, and defendants, in their answer, denied that allegation. It is true that the defense did not expressly raise a defense of failure of consideration in their answer. However, the denial of plaintiff's allegation on the question sufficiently raised the issue (*Horst v. Morand Brothers Beverage Co.* (1968), 96 Ill. App. 2d 68, 80, 237 N.E.2d 732), and the

plaintiff should not have been surprised when the defense wished to offer evidence on the question. The plaintiff, having alleged the prior oral agreement, under which the notes were intended as consideration for management services, and having in the complaint alleged performance of the services (which was denied in the answer), cannot legitimately object to defense testimony concerning those matters. The issue was brought forth by plaintiff initially. We find, under the circumstances, that the court erred in excluding the evidence with regard to plaintiff's performance of the management services.

The judgment of the Circuit Court of McDonough County is reversed and cause remanded. Since credibility questions will ultimately decide this lawsuit, we make no determination on the cause based upon the record before us. The case is remanded for retrial in the circuit court, such trial to proceed in accordance with the views expressed in this opinion as to the issues in this case.

Reversed and remanded for retrial in accordance with views expressed in this opinion.

SCOTT, P. J., and HEIPLE, J., concur.