AMERICAN FAMILY LIFE ASSURANCE COMPANY, Plaintiff-Appellant, *v.* EDWIN J. TAZELAAR *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 84—586

Opinion filed August 28, 1984.

Gerald B. Mullin, Robert T. O'Donnell, and Randall E. Server, all of Epton, Mullin, Segal & Druth, Ltd., of Chicago, for appellant.

Michael C. Cook and Daniel A. Murray, both of Peterson, Ross, Schloerb & Seidel, of Chicago, for appellees.

JUSTICE DOWNING delivered the opinion of the court:

This appeal questions the validity, based upon Georgia law, of a covenant not to compete contained in an employment agreement.

American Family Life Assurance Company (American Family), plaintiff, filed an action to enjoin defendants, six of its former employees, from (1) inducing other salespersons to terminate their agreements with plaintiff, (2) inducing policyholders to relinquish their policies written with plaintiff, (3) divulging the names of policyholders to plaintiff's competitors, and (4) making available to competitors information and material acquired from plaintiff.

Defendants, as salespersons for plaintiff, signed agreements with plaintiff promising to refrain from doing these acts. The pertinent provisions of the agreements were:

"PARAGRAPH SEVEN: Covenant Not To Compete

(a) During the term of this agreement and for a period of two (2) years after the termination of this Agreement, the Associate agrees that the Associate shall not, within the geographic area where the Associate has sold and serviced policies for American Family, engage in any of the following:

(1) Attempt to induce other Associates or sales agents of American Family to terminate their agreements with American Family or to become contracted or associated with another insurance company.

(2) Attempt to induce policyholders or accounts of American Family to relinquish their policies.

(3) Divulge the names of American Family policyholders, accounts, or agents to any competitor or potential competitor of American Family.

(4) Make available any information or materials acquired from American Family to any competitor or potential competitor of American Family.

(5) Sell or service an accident and health insurance policy for any other company which competes with any of the policies which the Associate has sold for American.

(6) Become a partner, associate, affiliate, employee or independent contractor with any person or company which sells or services accident and health insurance policies which compete with policies which the Associate has sold for American Family."

The agreement also contained (i) a provision that it is governed by the laws of the State of Georgia, and (ii) a severability clause that if any paragraph or subparagraph be held invalid, illegal or unenforceable, such will not affect any other provision of the agreement.

The trial court entered a temporary restraining order. Defendants filed a verified answer to the complaint, the parties filed memoranda of law, and oral arguments followed. The trial court, in considering paragraph seven, held (1) the law does not permit the blue-penciling of restrictive covenants in employment contracts and that the covenant must stand or fall as a whole, and (2) if any provision is unenforceable, the entire clause is unenforceable. The court found that subparagraph 6 of paragraph seven is overly broad and unenforceable. Therefore, no part of paragraph seven could be enforced. Finding that plaintiff failed to demonstrate that it was likely to prevail on the merits, the trial court denied plaintiff's motion for a preliminary injunction.

We are asked (1) whether nondisclosure covenants, as part of a covenant not to compete, are valid and enforceable when the trial court determines the covenant not to compete is not enforceable, and (2) whether plaintiff was entitled to enjoin defendants from attempting to induce plaintiff's policyholders to relinquish their policies.

## I

The agreement provides, and the parties agree, that Georgia law applies. In *Richard P. Rita Personnel Services International, Inc. v. Kot* (1972), 229 Ga. 314, 315, 191 S.E.2d 79, 80, a franchise agreement contained a covenant in one paragraph, whereby Kot, the franchisee, agreed "*** that for a period of two years after the termination of the franchise agreement that he would not compete with Rita in Fulton, Cobb and De Kalb Counties (Georgia) or in any territorial areas in which a franchise has been granted by Rita." Rita sought to enforce only that part of the covenant applicable to the three designated counties and urged that Georgia courts adopt the "blue-pencil theory of severability," deleting the words "or in any territorial area in which a franchise has been granted by Rita." Based on previous decisions, the Georgia Supreme Court held that the restrictive covenant, *when read in its entirety,* is unenforceable; further, the court declined to adopt the "blue-pencil theory of severability." In other words, the court refused to sever from the one paragraph that part of the covenant which made the entire covenant unenforceable, and then hold enforceable that which remains after severance.

*Durham v. Stand-By Labor of Georgia, Inc.* (1973), 230 Ga. 558, 198 S.E.2d 145, considered a post-employment restriction in an em-

ployee's contract. Paragraph 11, a general noncompetition provision, provided that upon termination of employment, for a period of one year, the employee would not engage in any competition activity within (a) a radius of 50 miles of Atlanta, Georgia, and (b) a radius of 50 miles of any city in which the employer, or any affiliated company, is operating at the time employment is terminated. Paragraph 12 was a specific one-year nondisclosure of customer information provision. A specific severability clause was included. The court held that the noncompetition provision as a whole was overly broad and unreasonable in restraint of trade. The court noted *Rita* and observed that the result in *Rita* was reached despite a specific contractual provision that its illegal clauses were severable. However, as to the nondisclosure provision, paragraph 12, the court held it was not void as a matter of law, and its reasonableness must be established at trial.

In *Howard Schultz & Associates of the Southeast, Inc. v. Broniec* (1977), 239 Ga. 181, 236 S.E.2d 265, a covenant not to compete was held to be defective as overly broad, and a covenant against disclosure of information was unenforceable as it contained no time limitation. In *Nasco, Inc. v. Gimbert* (1977), 239 Ga. 675, 238 S.E.2d 368, the supreme court held that an employment contract's nondisclosure covenant was unreasonably broad and therefore unenforceable.

*Uni-Worth Enterprises, Inc. v. Wilson* (1979), 244 Ga. 636, 261 S.E.2d 572, involved former officers of the corporation who sought a declaratory judgment that restrictive covenants in their employment contracts were void and unenforceable. Each restrictive covenant contained four subparagraphs which prohibited the employee from doing certain enumerated acts "competitive with any services or products offered or possessed by Employer." The court noted that two of the subparagraphs were not too indefinite to be enforced. However, subparagraph (d) was unenforceable because it prohibited the employee from entering into a business competitive with the employer and also prohibited the employee from entering into any such business "as sole proprietor, partner, officer, or employee." The supreme court held that subparagraph (d) was unquestionably unenforceable and, rejecting the "blue-pencil theory of severability" as applied to restrictive covenants in employment contracts, concluded that the entire covenant was unenforceable.

In *Rollins Protective Services Co. v. Palermo* (1982), 249 Ga. 138, 287 S.E.2d 546, a restrictive covenant case, the trial court denied the employer's application for an interlocutory injunction because of the overbreadth and unreasonableness of the pertinent covenants, but issued an injunction restricting the employee, Palermo, from transacting

business with any customer of the employer, Rollins, known to Palermo as a result of his employment. Both parties appealed.

The restrictive covenants were set out in seven subparagraphs of paragraph 5 of the employment contract. The trial court found one subparagraph (the sale of products) overly broad, and a second (a territorial restriction) unreasonable. The supreme court held that as the territorial restriction prevented the employee from competing against the employer in an area greater than the area in which he had worked, this was unreasonable. It further reaffirmed its rejection of the "bluepencil theory of severability" in that if any of the subparagraphs are invalid, the entire covenant must fall. Thus, the supreme court held the entire covenant was unenforceable.

With respect to the trial court's order restricting Palermo from transacting business with any customer known to him as the result of his employment with Rollins, the court noted that:

> "Public policy supports the protection of an employment agreement imposing a duty on an employee to refrain from disclosing confidential business information of the employer. *Durham v. Stand-By Labor of Georgia, Inc.*, 230 Ga. 558, 198 S.E.2d 145 (1973). '[A] claim for breach of a covenant not to compete and one for wrongful disclosure and use of confidential information in violation of contract may be maintained separately and independently under the same or distinct provisions of the employment agreement.' Ibid, at 562-63 [198 S.E.2d 145]. 'In determining whether restraints on disclosure are reasonable, two factors are of importance: (1) Whether the employer is attempting to protect confidential information relating to the business, such as trade secrets, methods of operation, names of customers [and] personnel data *** and (2) whether the restraint is reasonably related to the protection of the information.' *Ibid*, at 564 [198 S.E.2d 145]." 249 Ga. 138, 142, 287 S.E.2d 546, 550.

Although the supreme court noted that the issue of the reasonableness of the nondisclosure clause was not developed, the court found the injunction far broader than the nondisclosure clause in the employment agreement, and goes beyond protecting a trade secret or confidential information. The court concluded that it was an injunction against competition and was therefore reversible error.

## II

We next consider whether nondisclosure covenants as part of a covenant not to compete are valid and enforceable.

The instant complaint for injunction and other relief, relying upon

subparagraphs (a)(1) through (4) of paragraph seven entitled, "Covenant Not to Compete" requested relief based upon the said four subparagraphs. Subparagraphs 3 and 4 can be classified as nondisclosure covenants. Subparagraphs 1 and 2 do not fall into either label as noncompetitive or nondisclosure. The temporary restraining order entered February 10, 1984, enjoined defendants from doing what was prohibited in subparagraphs 1 through 4.

However, the trial court, in denying plaintiff's request for a preliminary injunction to prohibit the defendants from doing that prohibited in the said four subparagraphs, concluded that:

> "*** That law does not permit the blue-penciling of such covenants and therefore requires that the covenant must stand or fall as whole. If any provision therein is unenforceable, the entire clause is unenforceable.
>
> It appears to this Court that subparagraph 6 of Paragraph Seven of the Associate's Agreement is overly broad and unenforceable. Therefore plaintiff can enforce no part of the paragraph. Because the paragraph upon which plaintiff relies in its motion is unenforceable, plaintiff fails to demonstrate that it is likely to prevail on the merits."

Plaintiff points out that paragraph seven contains two nondisclosure covenants as well as two noncompetitive covenants, that the relief requested pertained in part to the nondisclosure covenants, and as no relief was requested based on a covenant not to compete, the trial court was in error.

So far as we can determine from the applicable Georgia cases, this identical problem has not been resolved. There is no question under Georgia law that if plaintiff was seeking to enjoin defendants under subparagraphs 5 and 6, the Georgia law would prohibit such action on the basis of over-breadth. On the other hand, we believe that as plaintiff's requested relief pertained in part to the nondisclosure covenants in paragraph seven, such action is permissible.

In *Durham*, the court held that as a matter of law a nondisclosure provision is valid, but that its reasonableness must be established at trial. 230 Ga. 558, 563-64, 198 S.E.2d 145, 149-50. See also *Howard Schultz & Associates of the Southeast, Inc.* (1977), 239 Ga. 181, 187-88, 236 S.E.2d 269, 270; *Nasco, Inc. v. Gimbert* (1977), 239 Ga. 675, 678, 238 S.E. 369, 370; *Rollins Protective Services Co. v. Palermo* (1982), 249 Ga. 138, 142-43, 287 S.E.2d 546, 550.

■ We think that under Georgia law, an action to prevent wrongful disclosure may be maintained subject to a determination as to the covenants' reasonableness on factors of time and the nature of the

business interest sought to be protected. The fact that the nondisclosure provisions are included as separate subparagraphs of a paragraph entitled "Covenant Not to Compete" should not *per se* defeat the right of action. Nor do we think this conclusion violates the well-established maxim that Georgia courts have declined to adopt the "blue-pencil theory of severability." Here, the employer seeks to proceed separately on the nondisclosure provisions. The trial court was not asked to modify, alter, delete or change words in the covenant. It was merely asked to interpret whether there was a violation of the words used in subparagraphs (1) through (4) of paragraph seven.

The trial court based its ruling on its finding that subparagraph (6) was overly broad and unenforceable. But that subparagraph is a noncompetition provision, and plaintiff did not base the instant action on subparagraph (6). The trial court then held that as subparagraph (6) was defective, the entire paragraph could not be enforced. As set forth in *Rita,* the "blue-pencil theory of severability" would delete words from a covenant that cause such covenant to be legally unenforceable. The Georgia court refused to redraft the covenant. We refuse to do so here.

As the trial court did not test the nondisclosure provisions to determine the reasonableness of time and the business interest sought to be protected, accordingly the matter is being reversed and remanded with directions to conduct a hearing and make such determination consistent with the laws of the State of Georgia.

The trial court noted that subparagraphs 1 and 2 could not be called noncompetitive. We agree. Accordingly, the trial court should, upon remand, determine the validity of these provisions including their reasonableness.

### III

Although plaintiff's complaint alleged, under separate counts, violation of the Illinois Insurance Code, a breach of, and intentional interference with, a contract, the trial court did not rule on these matters. Accordingly, we do not address these matters in this opinion.

The judgment of the circuit court of Cook County is reversed and remanded with directions.

Reversed and remanded with directions.

STAMOS and PERLIN, JJ., concur.