AMERICAN FAMILY LIFE ASSURANCE COMPANY, Plaintiff-Appellant,
v. EDWIN J. TAZELAAR *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 84—2931

Opinion filed August 27, 1985.

Gerald B. Mullin and Robert T. O'Donnell, both of Epton, Mullin & Druth, Ltd., of Chicago, for appellant.

Michael C. Cook and Daniel A. Murray, both of Peterson, Ross, Schloerb & Seidel, of Chicago, for appellees.

JUSTICE BILANDIC delivered the opinion of the court:

American Family Life Assurance Company (hereinafter plaintiff) sought to enjoin defendants, former sales persons, from soliciting plaintiff's policyholders and from disclosing allegedly confidential information. The circuit court found that one subparagraph of the employment contract's covenant not to compete was overly broad, thereby voiding the entire covenant. The court denied plaintiff's motion for a preliminary injunction. On appeal, we agreed that subparagraphs (5) and (6) were overly broad. We noted, however, that plaintiff did not seek to enforce these subparagraphs, and we remanded the cause for a determination of the validity of subparagraphs (1) through (4). (*American Family Life Assurance Co. v. Tazelaar* (1984), 127 Ill. App. 3d 112, 468 N.E.2d 497.) After a hearing, the circuit court found that subparagraphs (1) through (4) were overly broad and invalid, and it again denied plaintiff's motion for a preliminary injunction. Plaintiff filed this interlocutory appeal pursuant to Supreme Court Rule 307(a)(1). (87 Ill. 2d R. 307(a)(1).) The sole issue before us is whether the trial court abused its discretion in refusing to issue the preliminary injunction.

Plaintiff is an insurance company with its home office in Columbus, Georgia. Defendants are former sales persons who sold plaintiff's policies in various areas of Illinois. About January 1983, all of the defendants signed an agreement that contained the following provision:

"PARAGRAPH SEVEN: Covenant not to Compete.

(a) During the term of this agreement and for a period of two (2) years after the termination of this Agreement, the Associate agrees that the Associate shall not, within the geographic area where the Associate has sold and serviced policies for American Family, engage in any of the following:

(1) Attempt to induce other Associates or sales agents of American Family to terminate their agreements with American Family or to become contracted or associated with another insurance company.

(2) Attempt to induce policyholders or accounts of American Family to relinquish their policies.

(3) Divulge the names of American Family policyholders, accounts, or agents to any competitor or potential competitor of American Family.

(4) Make available any information or materials acquired

from American Family to any competitor or potential competitor of American Family.

(5) Sell or service an accident or health insurance policy for any other company which competes with any of the policies which the Associate has sold for American.

(6) Become a partner, associate, affiliate, employee, or independent contractor with any person or company which sells or services accident and health insurance policies which compete with policies which the Associate has sold for American Family."

The contract also contained a severability clause and stated that Georgia law governed the agreement.

During 1983, all the defendants left plaintiff's employment and began to work for a competitor. In February 1984, plaintiff sued for injunctive and other relief. Plaintiff alleged that defendants were inducing policyholders to relinquish their policies with plaintiff, soliciting other sales persons to end their employment with plaintiff, and giving their new employer confidential information. Plaintiff asked the court to issue a temporary restraining order and a preliminary injunction.

The trial court entered a TRO. Defendants filed a verified answer, the parties filed memoranda, and oral arguments followed. The trial court, in ruling on the covenant not to compete, found that Georgia law did not allow for "blue-pencilling," in which a court redrafts the covenant; therefore, because subparagraph (6) was overly broad, the entire covenant was void.

We reversed and remanded because subparagraph (6) was not the basis on which plaintiff asked for relief. The covenant contained both noncompetition and nondisclosure clauses, and plaintiff had asked for relief only as to the nondisclosure clauses. Furthermore, an action to prevent wrongful disclosure could be maintained subject to a determination of the covenant's reasonableness, and the fact that the nondisclosure provisions were included as separate subparagraphs did not *per se* defeat the action. (*American Family Life Assurance Co. v. Tazelaar* (1984), 127 Ill. App. 3d 112, 117-18, 468 N.E.2d 497.) Thus, we remanded the cause with directions that the trial court conduct a hearing and make a determination of the reasonableness of subparagraphs (1) through (4). 127 Ill. App. 3d 112, 118.

On remand, plaintiff again sought a preliminary injunction. After both sides submitted memoranda, a hearing was held. The court found that, under Georgia law, three factors are to be considered in determining the reasonableness of a covenant not to compete: (1) the extent of the restraint; (2) the geographic restraint; and (3) the duration of the

restraint. After hearing arguments of counsel, the court found that the term "geographic area where [defendants] sold and services policies" was ambiguous because it could mean anything from a specific building to a region of the country. Because "area" could mean many things, it was too indefinite, and therefore void. Thus, subparagraphs (1) and (2) were found to be unenforceable.

Subparagraphs (3) and (4) were also found to be unenforceable because "plaintiff's expressed willingness to allow the information to be divulged to competitors so long as [it is] done outside the geographic area demonstrates that the business interests sought to be protected [are] not confidential and therefore [are] not entitled to protection." Plaintiff's renewed motion for a preliminary injunction, therefore, was denied.

We note that under either Illinois or Georgia law, the standard of review is whether the trial court abused its discretion in refusing to issue a preliminary injunction. (*Kessler v. Continental Casualty Co.* (1985), 132 Ill. App. 3d 540, 477 N.E.2d 1287; *Zant v. Dick* (1982), 249 Ga. 799, 294 S.E.2d 508.) Georgia has a strong policy in fostering competition and in discouraging contracts that are in restraint of trade. See Ga. Const., art. III, sec. 6, par. 5(c); Ga. Code Ann. sec. 13—8—2(a)(2) (1982).

■ Despite the strong presumption against restraints of trade, however, a covenant not to compete in an employment contract is enforceable if it is strictly limited in time and place and if it is otherwise reasonable when one considers the interests of the employer and its effect on the employee. (*Uni-Worth Enterprises, Inc. v. Wilson* (1979), 244 Ga. 636, 261 S.E.2d 572.) Conversely, "[a] non-competition covenant which prohibits an employee from working for a competitor in any capacity, that is, a covenant which fails to specify with particularity the activities which the employee is prohibited from performing, is too broad and indefinite to be enforceable." *National Teen-Ager Co. v. Scarborough* (1985), 254 Ga. 467, 469, 330 S.E.2d 711, 713.

■ In the instant case, subparagraphs (1) and (2) are nonsolicitation clauses: they seek to prohibit defendants from inducing other sales persons from quitting plaintiff's employ and from inducing plaintiff's policyholders to switch to another insurance company. Generally, a nonsolicitation covenant "must specify the territory in which the employee is to be foreclosed." (*Guffey v. Shelnut & Associates, Inc.* (1981), 247 Ga. 667, 670, 278 S.E.2d 371, 373.) Although the Georgia Supreme Court has held that restraints in customer solicitation covenants must be limited to restricting an employee from soliciting only those customers whom he actually served while employed (*Singer v. Habif, Aro-*

*geti & Wynne, P.C.* (1982), 250 Ga. 376, 297 S.E.2d 473), Georgia courts will invalidate such clauses if they lack express territorial restrictions (*Colonial Life & Accident Insurance Co. v. Byrd* (1971), 227 Ga. 198, 179 S.E.2d 746).

In this case, the trial court did not abuse its discretion in finding the nonsolicitation clauses void because the covenant, on its face, does not contain any territorial limitation. Plaintiff, however, argues that defendants knew what the area was because each defendant was assigned to a specific sales territory. Plaintiff seeks to introduce parol evidence to explain the intent of the covenant.

Under either the law of Georgia or Illinois, such evidence is inadmissible in this case. The use of parol evidence is "inadmissible to add to, take from, vary or contradict the terms of a written instrument. [Citations.] However, 'if there is an ambiguity, latent or patent, it may be explained; so if a part of a contract only is reduced to writing ***, and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible.'" (*Preferred Risk Mutual Insurance Co. v. Jones* (1975), 233 Ga. 423, 424, 211 S.E.2d 720, 721-22.) Similarly, in Illinois, the use of parol evidence is not permitted to change or alter the expressed meaning of a written contract, the primary exception being where "parol evidence is offered to explain or supplement the ambiguous meaning of the written contract." (*Davis v. Buchholz* (1981), 101 Ill. App. 3d 388, 391, 428 N.E.2d 198.) Here, there is no ambiguity in the expressed meaning of the covenant or in its intent. The clauses must fall not because they are ambiguous but because they are impermissibly vague, and Georgia courts have consistently struck down covenants not to compete in which no territory was specified. *Guffey v. Shelnut & Associates, Inc.* (1981), 247 Ga. 667, 278 S.E.2d 371.

■ The next issue is whether the trial court abused its discretion in determining that subparagraphs (3) and (4), the nondisclosure clauses, were unenforceable. In *Durham v. Stand-By Labor of Georgia, Inc.* (1973), 230 Ga. 558, 198 S.E.2d 145, the court noted that two factors are important in determining reasonableness: (1) whether the employer is attempting to protect confidential information relating to the business; and (2) whether the restraint is reasonably related to the protection of the information. (230 Ga. 558, 564, 198 S.E.2d 145, 149-50.) Here, the information sought to be protected consists of the names of policyholders, claim histories, and underwriting information contained in sales books, billing invoices, and file and policyholders cards.

It is clear that subparagraph (4) is overly broad, for it states that an employee is prohibited from disclosing "any information or materi-

als acquired from American Family \*\*\*." The language here is strikingly similar to that in *Nasco, Inc. v. Gimbert* (1977), 239 Ga. 675, 238 S.E.2d 368, in which the court held that a covenant that stated that "any information concerning any matters affecting or relating to the business of the employer" was "overly broad and unreasonable." 239 Ga. 675, 676-77, 238 S.E.2d 368, 369-70.

■ Plaintiff implicitly concedes that subparagraph (4) is too broad when it states that "subparagraph (3) is a separate covenant prohibiting disclosure \*\*\* [that] is reasonable and therefore enforceable regardless of whether or not subparagraph (4) is valid." We must, however, read the covenant in its entirety and not in isolated fragments and, when we do, two conclusions are apparent: either the covenant is void because no geographic limitation is specified or it is void because plaintiff did not prove a protectable interest; the protection is sought only for the area in which the defendants sold policies, which implies that the information cannot be truly valuable because disclosure would be fairly simple.

Also, we note that a Federal district court, in construing a nonsolicitation covenant, has stated:

> "The existence of a specialized customer list or a confidential relationship that would justify an injunction in the absence of a contract provision is a question of fact. \*\*\* Obviously, the mere showing of an employment relationship between plaintiff and defendant, coupled with defendant's inevitable knowledge of his customer's names and his method of doing business is not enough. Such a standard would convert every salesman's employment situation into one meriting protection by the courts, even in the absence of contract." (*Wesley-Jessen, Inc. v. Armento* (N.D. Ga. 1981), 519 F. Supp. 1352, 1362.)

Plaintiff here has not shown that the alleged confidential information is different in kind than what defendants already knew. The plaintiff may still be able to prove that it has a protectable interest at trial, and we express no opinion about the ultimate outcome. We do hold, however, that the court's findings were not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS, P.J., and HARTMAN, J., concur.