HAROLD DEAN BAKER, Plaintiff-Appellee, v. HAROLD E. GRAY, Defendant-Appellant.

Fourth District No. 4—85—0391

Opinion filed March 5, 1986.

Jack C. Vieley, of Peoria, for appellant.

Ralph Turner, of Bloomington, for appellee.

JUSTICE MORTHLAND delivered the opinion of the court:

The defendant appeals from a McLean County circuit court order confirming a judgment confessed against the defendant. We reverse.

On December 5, 1984, the plaintiff filed a complaint seeking to confess judgment on a note he held from the defendant. The note was payable on demand for a face amount of $12,120 plus 15% annual interest. The interest accrued from the date of the note, January 26, 1984. The circuit court entered judgment in plaintiff's favor, and notice issued to the defendant.

On January 9, 1985, the defendant filed a motion to open the judgment by confession. In his motion and the accompanying affidavits, the defendant contended that he had several meritorious defenses. First, he argued that payment of the note was conditioned upon the plaintiff selling two farms which the defendant owned. Further, the interest charge stated in the note was asserted to be usurious, violating section 4 of "An Act in relation to the rate of interest ***" (Ill. Rev. Stat. 1983, ch. 17, par. 6404). Finally, the defendant claimed that the note at issue arose from a consumer transaction. Accordingly, the defendant claimed, judgment by confession was illegal under section 2—1301 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301). The plaintiff responded and submitted counteraffidavits.

The circuit court confirmed the confession of judgment against the defendant. The court determined that the affidavits did not set forth facts sufficient to establish a *prima facie* defense to the note. Moreover, the court stated, the plaintiff's counteraffidavits effectively negated the defenses propounded by the defendant. After the circuit court denied a motion to reconsider its refusal to open judgment, the defendant appealed.

The procedure for seeking to open a judgment by confession is established by supreme court rule. Supreme Court Rule 276 provides that:

> "A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 191 for summary judgments, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a *prima facie* defense on the merits to the whole or a part of the plaintiff's claim, the court shall set the motion for hearing." (87 Ill. 2d R. 276.)

In ruling upon a motion to open a confessed judgment, the court must

disregard counteraffidavits by the plaintiff which go to the merits of an asserted defense. (*Kuh v. Williams* (1973), 13 Ill. App. 3d 588, 301 N.E.2d 151.) The defendant's affidavits must set forth particular facts, from personal knowledge, with an affirmation that the affiant could testify competently to those facts at trial. (87 Ill. 2d R. 191.) After reviewing each of the alleged defenses under the foregoing standards, we conclude that the circuit court erred in refusing to open judgment.

In general, the parol evidence rule operates to exclude evidence which would alter the unambiguous meaning of a written document, including a note. (*Scholbe v. Schuchardt* (1920), 292 Ill. 529, 127 N.E. 169.) The defendant acknowledges this rule, but asserts that the note at issue comes within the "conditional delivery" exception to the parol evidence rule. Under the conditional delivery exception, evidence may be offered to show that a contract was to take effect only upon one party's compliance with a condition. However, the condition must be to the formation of the contract, not merely to payment or performance. *Davis v. Buchholz* (1981), 101 Ill. App. 3d 388, 428 N.E.2d 198; *Althoff Industries, Inc. v. Elgin Medical Center* (1981), 95 Ill. App. 3d 517, 420 N.E.2d 800.

In the case at bar, the defendant asserts that the note was payable only after the plaintiff sold two farms for the defendant. However, the defendant makes no claim that the note was intended to obligate him only if the farms were sold. Since the defendant alleges only that payment was to be conditional, the conditional delivery exception does not apply and offers no defense to the note.

Similarly, the defendant's bald assertion that the confessed judgment involved a consumer transaction does not justify opening the judgment. Section 2—1301(c) of the Code of Civil Procedure provides that:

> "No power to confess judgment shall be required or given after September 24, 1979 in any instrument used in a consumer transaction; any power to confess given in violation hereof is null and void and any judgment entered by a court based on such power shall be unenforceable." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(c).)

To open the judgment, however, the defendant must aver facts sufficient for the court to determine that the "consumer transaction" exception would apply. The defendant's allegation that the note arose from a consumer transaction is simply a conclusion. When the defendant does not set forth the facts surrounding the transaction, the circuit court need not accept his claim that the note involved a consumer

or personal transaction and may confirm judgment by confession.

■ Nevertheless, we conclude that the defendant alleged the defense of usury with sufficient specificity to require opening the judgment against him. Illinois law permits annual interest charges of no more than 9%, with certain exceptions. (Ill. Rev. Stat. 1983, ch. 17, par. 6404.) The defendant alleged that the interest called for by the note in question was usurious because it exceeded the 9% general interest rate. We recognize that the defendant did not rebut the various statutory exceptions which permit higher interest charges. However, the appellate court has previously held that in a motion to open a confessed judgment, the defendant need only allege facts showing that the plaintiff was charging higher than the general interest rate; the defendant need not rebut any of the exceptions to the interest ceiling. *Edwards v. Willcutts* (1974), 20 Ill. App. 3d 699, 313 N.E.2d 529.

In light of our disposition, we do not address the defendant's claim that the circuit court erred in denying his motion to reconsider opening the judgment. We reverse the order denying the defendant's motion to open judgment and remand for further proceedings consistent with this opinion.

Reversed and remanded.

McCULLOUGH, P.J., and WEBBER, J., concur.